UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HONGXIN ZHAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07-CV-659 (JCH) |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on Defendants Alberto Gonzales, Michael Chertoff, Gerard Heinauer, and Emilio Gonzalez's Motion to Remand, filed June 4, 2007. (Doc. No. 2). The matter is fully briefed and ready for a decision.

## BACKGROUND

Plaintiff Hongxin Zhao is a lawful permanent resident of the United States who currently resides in Chesterfield, Missouri. (Compl., Doc. No. 1 Ex. 1). On March 12, 2003, Plaintiff submitted a completed Form N-400 "Application for Naturalization" ("Application") to the United States Citizenship and Immigration Services[1] ("USCIS"), the federal agency charged with processing applications for naturalization. (Id. at pg. 3-4). On March 23, 2003, Plaintiff was examined by an USCIS officer. (Compl., Doc. No. 1). On November 3, 2003, Plaintiff passed the requisite tests of English language proficiency and knowledge of United States history and government. (Id.). To date, the requisite background investigation has not been completed, meaning the USCIS has not been able to adjudication the Application. (Id.).

---

[1] The USCIS is part of the Department of Homeland Security.

- 1 -

On April 5, 2007, Plaintiff filed this action asking the Court, pursuant to 8 U.S.C. § 1447(b), to enter an order adjudicating his Application and to administer the Oath of Citizenship to him. (Id.). Defendants assert that although the Court can exercise jurisdiction over the Application, it should remand the case to the USCIS for completion of the statutorily mandated background investigation[2] and subsequent adjudication. (Mot. to Remand, Doc. No. 2).

## DISCUSSION

To begin the naturalization process, an applicant files a N-400 form, "Application for Naturalization" with the Department of Homeland Security and the USCIS. 8 U.S.C. §§ 1445(a), (d); 8 C.F.R. §§ 316.4, 334.2. Following the filing of the N-400 form, the USCIS is required to conduct a background investigation of the applicant. 8 U.S.C. § 1446(a). Section 1446(a) provides:

> Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General[3], shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization.

This background investigation shall "consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed ... for at least five years immediately preceding the filing of the application." 8 C.F.R. § 335.1. The USCIS primarily relies upon three methods to effectuate this investigation: 1) the Interagency Border Inspection System name check; 2) the FBI fingerprint check; and 3) the FBI

---

[2]The statutorily requisite background investigation is within the purview of the Federal Bureau of Investigation ("FBI"). 8 C.F.R. § 335.2(b). Following the post 9/11 counter-terrorism efforts, the number of requests for FBI background investigations increased significantly. (Memo. in Supp., Doc. No. 4 Ex. C ¶ 16).

[3]Pursuant to the Homeland Security Act of 2002, effective as of February 28, 2003, the term "Attorney General" should now be read to refer to the "Secretary of Homeland Security." Bengana v. Chertoff, No. 4:06-CV-1569 (SNL), 2007 WL 1385690, at *1 n. 3 (E.D. Mo. May 8, 2007).

name check. (Memo. in Supp., Doc. No. 4 Ex. B). Once this background investigation is completed, the USCIS is required to interview the applicant and examine his English language proficiency and knowledge of United States history and government processes. 8 U.S.C. §§ 1423(a), 1446(b); 8 C.F.R. §§ 312.1, 312.2, 335.2. According to the applicable regulations, this examination should occur only after the background investigation is completed. 8 C.F.R. § 335.1. The USCIS sometimes does the requisite interview prior to the completion of the background check in order to expedite the naturalization process. Bengana, 2007 WL 1385690, at *1.

Under normal circumstances, following the completion of the background investigation and the examination of the applicant, the USCIS official is authorized to make a determination to grant or deny the application. 8 U.S.C. § 1446(d); 8 C.F.R. 335.3. This determination is to be made within 120 days following the initial examination of the applicant. 8 C.F.R. § 335.3. When such a timely determination is not made, an applicant can file for review of his application with a district court. 8 U.S.C. § 1447(b) provides, in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter, or remand the matter, with appropriate instructions, to the Service to determine the matter.

In this case, approximately three and a half years have passed since Plaintiff filed the Application.

Upon consideration, the Court will grant Defendants' Motion to Remand. The USCIS must be allowed to complete its statutorily required naturalization process, including the final determination of the Application. Furthermore, the Court is in no better position to adjudicate the Application because the FBI background check is incomplete. See Hamin v. Chertoff, No. 4:06-CV-1568 (DJS), 2007 WL 679643, at * 3 (E.D. Mo. Mar. 1, 2007) (collecting cases supporting this proposition). Moreover, the Court is not in a better position than the USCIS to "encourage" the FBI to complete

its investigation. See Bengana, 2007 WL 1385690, at *2. As such, the Court finds that the best course is to remand the case to the USCIS so that it may adjudicate the Application once it receives the completed FBI background check.[4] The Court empathizes with Plaintiff, who has waited much longer than should be necessary to become an United States citizen. Due to this delay, the Court will remand the case with the instruction that the USCIS shall make its determination of the Application as expeditiously as possible but in no event later than thirty days after the completion of the FBI background check.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Remand (Doc. No. 2) is **GRANTED**, with instructions that the United States Citizenship and Immigration Services shall make a final determination of the Application as expeditiously as possible but in not event later than thirty days after the completion of the FBI background investigation. An appropriate Order of Remand will accompany this Order.

Dated this 14th day of August, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4]Numerous decisions from this district support this conclusion. See Al-Ashwan v. Chertoff, No. 4:06-CV-1303 (ERW), 2006 U.S. Dist. LEXIS 8677 (E.D. Mo. Feb. 7, 2007); Ji v. Gonzales, No. 4:06-CV-1174 (MLM), 2006 U.S. Dist. LEXIS 85925 (E.D. Mo. Nov. 28, 2006); Shalabi v. Gonzales, No. 4:06-CV-866 (RWS), 2006 WL 3032413, at *4-6 (E.D. Mo. Oct. 23, 2006).